UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA HUTCHINSON on behalf of herself and others similarly situated, Plaintiff, v. EQUILIBRIUM HOMES OF ST. LOUIS, LLC, Defendant. | Case No.: |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Victoria Hutchinson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action under brought by Plaintiff on behalf of herself and others similarly situated against Defendant Equilibrium Homes of St. Louis, LLC ("Defendant" or "Equilibrium"), for failing to pay them overtime wages owed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Missouri Minimum Wage Law ("MMWL"), V.A.M.S. § 290.500 *et seq*. Defendant does not pay caregivers overtime compensation for hours worked over forty in a workweek even though caregivers regularly work more than forty hours per workweek. Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs, and all other relief to which he and similarly situated employees are entitled.

**JURISDICTION AND VENUE**

2.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim pursuant to the FLSA.

3.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in and employed Plaintiff in this District and a substantial part of the events giving rise to this action occurred in this District.

**PARTIES**

*Plaintiff*

4.     Plaintiff Victoria Hutchinson is an adult resident of St. Louis, Missouri. Hutchinson worked for Defendant as a caregiver.

5.     Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

6.     At all relevant times, as an employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

7.     Defendant Equilibrium Homes of St. Louis LLC is a Missouri limited liability company with its principal place of business in Florissant, Missouri. Defendant is a provider of support services for individuals with developmental disabilities.

8.     At all relevant times, Equilibrium was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

9. At all relevant times, Equilibrium has employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

10. At all relevant times, Equilibrium achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

11. Defendant issued paychecks to Plaintiff and similarly situated employees during their employment.

12. Defendant directed the work of Plaintiff and similarly situated employees and benefited from work performed that Defendant suffered or permitted from them.

13. Defendant classified Plaintiff and similarly situated employees as exempt under the Fair Labor Standards Act and did not pay them overtime compensation for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

14. From approximately April 2018 through September 2018, Plaintiff worked for Defendant as a caregiver.

15. At all relevant times, Plaintiff and other caregivers were paid on an hourly basis.

16. During the relevant time period, as a matter of company policy and practice, Plaintiff and other caregivers regularly worked more than 40 hours per week and were not paid overtime compensation. Plaintiff typically worked in excess of 60 hours per week.

17. Through its unlawful actions, Defendant deprived Plaintiff and other caregivers of overtime wages owed to them.

18. Defendant acted willfully in failing to pay overtime compensation to Plaintiff and other caregivers for hours they worked over 40 in a workweek.  Defendant knew or should have

known that caregivers were non-exempt employees under the FLSA and were required to be paid overtime compensation for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims on behalf of all similarly situated individuals who have worked for Defendant in the United States as caregivers, have not received overtime wages owed to them during the three-year period prior to the filing of this Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b) (hereinafter referred to as the "FLSA collective").

20. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

21. Equilibrium has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

22. All potential opt-in plaintiffs are similarly situated as to these claims, because they all were employed by Equilibrium as caregivers, primarily performed the same or similar job duties, did not pay them overtime for hours worked over 40 in a workweek, and Equilibrium's compensation practices are uniform as to all potential plaintiffs and result in the alleged violation of the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 and Mo. S. Ct. Rule 52.08 on her own behalf and on behalf of: All caregivers who worked for Defendant in Missouri at any time within the period of five years prior to the filing of this Complaint (hereinafter referred to as the "Rule 23 Class").

24. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members would be impractical. Plaintiff reasonably estimates that there are at least fifty (50) Rule 23 Class members. Rule 23 Class members should be able to be easily identified through Defendant's employment records.

25. There is a well-defined community of interest among Rule 23 Class Members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendant was required to compensate caregivers at a rate of one and one-half times their hourly rate for hours worked in excess of 40 in a workweek; and

   b. Whether Defendant failed to compensate caregivers at a rate of one and one-half times their hourly rate for hours worked in excess of 40 in a workweek.

26. Plaintiff's claims are typical of those of the Rule 23 Class in she and all Rule 23 Class members suffered damages as a direct and proximate result of Defendant's common and systemic compensation policies and practices.  Plaintiff's claims arise from the same policies, practices and course of conduct as all other Rule 23 Class members' claims and her legal theory is based on the same legal theory as all other Rule 23 Class members.

27. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has retained counsel who is qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel has interests that are contrary to, or in conflict with, the interests of the Rule 23 Class.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will eliminate the possibility of duplicative lawsuits and inconsistent results.

29.     This case is manageable as a Rule 23 Class action. Plaintiff and her counsel no of no unusual difficulties in this case.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30.     Pursuant to 29 U.S.C. § 216(b), Plaintiff consents to sue as plaintiff under the Fair Labor Standards Act.   Ms. Hutchinson's consent to sue form is attached to this Complaint as "Exhibit 1."

## COUNT I - FAIR LABOR STANDARDS ACT

31.     Plaintiff re-alleges and incorporates by reference all previous paragraphs herein.

32.     As set forth above, Defendant's failure to pay overtime compensation to employees who have worked for Defendant as caregivers and who have not received overtime compensation during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.  This claim is brought by the named Plaintiff on behalf of herself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

33.     Defendant's failure to pay Plaintiff and the FLSA Collective in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## COUNT II – FED. R. CIV. P. 23 CLASS ACTION, VIOLATIONS OF MMWL

6

34. Plaintiff re-allges and incorporates all previous paragraphs herein.

35. The Missouri legislature has provided that the MMWL "shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, and any regulations promulgated thereunder." Mo. Rev. Stat. § 290.505(4).

36. Defendant employed Rule 23 Class members for all hours worked in excess of forty (40) hours per workweek.

37. Defendant failed to pay Rule 23 Class members overtime compensation at one and one-half times their regular hourly rate in violation of the MMWL, § 290.500 *et seq.*

38. Defendant's policies, practices and conduct described herein were intentional and willful.

39. As a result of the foregoing, Rule 23 Class members were illegally denied overtime compensation to which they were entitled in an amount of be determined at trial, and are entitled to recovery of unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs and other compensation pursuant to MMWL.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Certification of this case as a collective action for the FLSA Collective and authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B. Certification of this action as a class action for the Rule 23 Class pursuant to Fed. R. Civ. P. 23;

C. Designating Plaintiff as representative of the FLSA Collective and Rule 23 Class and undersigned counsel as class counsel;

D. An award of all damages for unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under the FLSA and MMWL;

E. An award of liquidated damages pursuant to the FLSA and MMWL;

F. A finding that Defendant's violations of the FLSA and MMWL have been intentional and willful;

G. An incentive award for Plaintiff for serving as representative of the FLSA Collective and Rule 23 Class Action;

H. Pre- and post-judgment interest;

I. Reasonable attorneys' fees and costs; and

J. Any other relief to which the named Plaintiff and similarly situated individuals may be entitled.

Dated: December 12, 2018                                          Respectfully submitted,

*/s/ Sergei Lemberg*_____
Sergei Lemberg, Esq.
Tamra Givens *(to be admitted pro hac vice)*
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*