UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Victoria Hutchinson, | : |
| Plaintiff, | : |
| v. | : Civil Action No.:  4:18-cv-02127-JAR |
| Equilibrium Homes of St. Louis LLC, | : |
| Defendant. | : |

**JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE**

Plaintiff, Victoria Hutchinson ("Plaintiff"), and Defendant, Equilibrium Homes of St. Louis LLC ("Defendant"), by and through their respective undersigned counsel, jointly move the Court for an Order approving the parties' settlement of this action and dismissing all claims with prejudice and without costs to any party. Attached as Exhibit A is a copy of the parties' Settlement Agreement and Release of Claims.

**I.     Legal Standard**

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, places certain limits on a current or former employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981). Generally, courts have held that, with two exceptions, employees may not waive FLSA claims for unpaid wages or overtime for less than full statutory damages. The two exceptions are for: (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements. However, there is a lack of Eighth Circuit precedent regarding whether district

1

courts "must evaluate and approve a private FLSA settlement, or whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement." *Jones v. Synergies3 Tec Servs.*, LLC, No. 4:18-CV-01161-JAR, 2018 WL 6727061, at *2 (E.D. Mo. Dec. 21, 2018). "However, 'because declining to review the settlement would leave the parties in an uncertain position,' requests to approve an FLSA settlement in the absence of a certified class have been granted, and the agreements are interpreted as private settlements." *Id.* (quoting *Bench v. Cheyenne Logistics, LLC.*, No. 4:14-CV-01327-NCC, 2016 WL 2997591, at *1 (E.D. Mo. May 25, 2016)). Further, it is well-settled law that an employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-approved stipulated settlement. *See, e.g., Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3rd 199 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Thus, when FLSA claims are settled, the Court may only approve the proposed agreement "after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Bench v. Cheyenne Logistics*, LLC., No. 4:14-CV-01327-NCC, 2016 WL 2997591, at *2 (E.D. Mo. May 25, 2016) (citing *Fry v. Accent Mktg. Servs. L.L.C.*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014)).

"A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King v. Raineri Const.*, LLC, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Factors a court may consider in determining whether a settlement is fair and reasonable include: "the stage of the litigation and amount of

2

discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *Bench*, 2016 WL 2997591, at *2 (quoting *King*, 2015 WL 631253, at *2). Consideration of these factors warrant approval of the proposed agreement here: (i) the Parties have a bona fide dispute regarding allegedly unpaid overtime wages (ii) the Parties settled at an early stage in the proceedings after engaging in informal exchange of information; (iii) the probability of Plaintiff's success on the merits is uncertain and the settlement amount is reasonable in relation to Plaintiff's potential recovery; (iv) there is no evidence of overreaching by Defendant as Plaintiff is recovering the full amount of her statutory damages.

Further, the settlement was negotiated at arms-length between counsel with extensive experience litigating employment disputes. Plaintiff's counsel, Sergei Lemberg ("Mr. Lemberg") has practiced law since 2001. His practice focuses on representing plaintiffs in consumer law matters, including employment law. Mr. Lemberg, along with Tamra Givens ("Ms. Givens"), who had led Lemberg Law's employment law section and assisted Mr. Lemberg in this case, have successfully prosecuted numerous FLSA actions. Likewise, defense counsel has been practicing law since 2006, during which time his practice has focused on defending all manner of employment law claims.

Finally, the Eighth Circuit has held that "29 U.S.C. § 216 does ***not*** require approval of settled attorney fees . . . ." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (emphasis added).

3

## II. Settlement Between Plaintiff and Defendant is Objectively Fair, Adequate, and Reasonable

Pursuant to the terms of the Parties' Settlement Agreement, Defendant is paying the total sum of Three Thousand Four Hundred Seventy Four Dollars and 03/100 ($3,474.03). Of that sum, $2,500 will be allocated to legal costs and fees and $974.03 will be paid directly to Plaintiff.

Plaintiff has alleged in her Complaint, dated December 21, 2018, that Defendant violated the overtime wage provisions of the FLSA, 29 U.S.C. § 207. Plaintiff sought double her unpaid wages pursuant to the FLSA's provision for liquidated damages, and her reasonable attorneys' fees and costs.  Defendant filed an Answer dated April 29, 2019, denying Plaintiff's factual allegations and raising Affirmative Defenses that, *inter alia*, "Plaintiff's FLSA claims … are barred because they were resolved, settled, and released by a settlement supervised by the United States Department of Labor," Defendant acted at all times in good faith, Plaintiff's claims are for *de minimus* amounts of time worked and thus non-compensable, and Plaintiff's claims are barred as the overtime hours allegedly worked were without Defendant's knowledge.  The parties continue to have a bona fide dispute as to whether the Plaintiff is owed any overtime wages or other relief under the FLSA.

Plaintiff considers the settlement amount to be a favorable recovery. Plaintiff calculated the back pay owed to her at $974.03, not including liquidated damages.  On January 3, 2019, pursuant to a Back Wage Compliance and Payment Agreement that Defendant entered into with the Department of Labor, Defendant issued a check to Plaintiff in that amount.  In this litigation, Defendant agreed to pay Plaintiff an additional $974.03 to account for her liquidated damages, plus $2,500 to cover her attorneys' fees.  By virtue of this settlement, Plaintiff will have recovered all of her alleged overtime wages plus liquidated damages, without having to face the

4

burdens of litigating the dispute and the corresponding risks of trial. Plaintiff's alleged overtime wages would be significantly reduced if a factfinder disbelieves Plaintiff's claims. Furthermore, Defendant argues that they acted at all times in good faith. This argument, if successful, would preclude Plaintiff from recovering any liquidated damages. Accordingly, Plaintiff believes that the settlement amount is a fair result, as it accounts for 100% of the alleged overtime wages owed, plus liquidated damages, even after the deduction of attorney's fees.

Defendant does not admit and expressly denies any violation of law or any liability to Plaintiff, but regardless believe that the settlement is fair and reasonable because it will enable the Parties to avoid further anticipated burdens and expenses, including motion practice, trial, and counsels' fees, which would be significant if the case were to go to trial. Additionally, Defendant has considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiff were to prevail. Furthermore, Defendant believes the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel.

### III. The Costs and Attorney's Fees are Fair and Reasonable

In negotiating settlement, Defendant agreed to pay $974.03 to cover Plaintiff's liquidated damages, and $2,500 to cover Plaintiff's attorneys' fees and costs. By virtue of this settlement, Plaintiff will obtain the full amount of her allegedly recoverable liquidated damages, which is undoubtedly fair and reasonable. The additional $2,500 in attorneys' fees was negotiated between counsel and does not require approval of the Court. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("29 U.S.C. § 216 does not require approval of settled attorney fees . . . [as] the district court's authority d[oes] not extend beyond concluding the merits settlement was satisfactory.").

## CONCLUSION

In view of the foregoing, the Parties respectfully jointly request that the Court approve the Settlement Agreement and dismiss this matter with prejudice. The Parties thank the Court for its assistance in concluding this matter.

Dated: August 20, 2019

Respectfully submitted,

By: /s/ *Sergei Lemberg*  
Sergei Lemberg, Esq.  
Lemberg Law, LLC  
43 Danbury Road, 3rd Floor  
Wilton, CT 06897  
Telephone: (203) 653-2250  
Facsimile: (203) 653-3424  
slemberg@lemberglaw.com  
*Attorney for Plaintiff*

By:*/s/ Rex P. Fennesey*  
Rex P. Fennesey, Esq.  
McMahon Berger, P.C.  
2730 North Ballas Road, Suite 200  
St. Louis, MO 63131  
Telephone: (314) 567-7350  
Facsimile: (314) 567-5968  
fennessey@mcmahonberger.com  
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, a true and correct copy of the foregoing Motion for Approval of Settlement was served electronically via the Electronic Case Files System (ECF) and that the document is available on the ECF system.

/s/ *Sergei Lemberg*  
Sergei Lemberg