# EXHIBIT A

# **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (hereinafter "Agreement") is made by and between Equilibrium Homes of St. Louis, LLC and its past and present owners, members, officers, directors, agents, employees, representatives, divisions, successors, assigns, affiliated, related and/or parent entities (hereinafter "Defendant") and Victoria Hutchinson (hereinafter "Hutchinson") (collectively, "the Parties").

**WHEREAS,** Hutchinson filed a Complaint against Defendant in the U.S. District Court for the Eastern District of Missouri, in a case styled *Victoria Hutchinson, on behalf of herself and others similarly situated, v. Equilibrium Homes of St. Louis, LLC*, Case No. 4:18-cv-02127-JAR ("the Lawsuit"); and

**WHEREAS,** Defendant denies the allegations made in the Lawsuit. However, the Parties recognize that continuation of this dispute could be costly, disruptive, and time-consuming. Accordingly, to avoid the time, expense and uncertainties of continuing this dispute, the Parties now desire to resolve this dispute between them on the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing and the mutual promises, representations, and undertakings of the parties set forth herein, the adequacy and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  Consideration. Defendant for all of the promises of Hutchinson as set forth herein and in full and complete settlement of Hutchinson's claims, including but not limited to any claims that have been made or could have been made in the Lawsuit, agree to pay the total amount of three thousand four hundred seventy-four and 03/100 dollars (**$3,474.03**) in two separate checks. The first check representing liquidated damages shall be made payable to Hutchinson in the total amount of nine hundred seventy four and 03/100 dollars ($974.03). The second check shall be made payable to Lemberg Law, LLC in the total amount of two thousand five hundred dollars ($2,500.00). Both checks shall be sent to Lemberg Law, LLC within thirty (30) days after execution of this Agreement by the Parties. Hutchinson acknowledges the consideration for her release in this Agreement is sufficient based on the payments to Hutchinson set forth in this paragraph. Except as expressly provided herein, Defendant shall have no obligation to make any further payments to Hutchinson (including without limitation, salary or vacation pay), and shall have no obligation to provide Hutchinson with any fringe benefits (including without limitation, life insurance, dental insurance, health and medical insurance, and disability protection). Defendants' receipt of IRS Forms W-9 completed and executed by Lemberg Law, LLC and receipt of an IRS Form W-9 completed and executed by Hutchinson are also conditions precedent to the Payment.

2.  Taxation. Hutchinson further acknowledges that Defendant has neither represented nor guaranteed that the payments referenced in Paragraph 1 above will be non-taxable. Hutchinson acknowledges she understands that Defendant or its attorneys will issue her an IRS Form 1099 with respect to the checks referenced in Paragraph 1 representing liquidated damages and attorneys' fees and/or costs. If a determination is subsequently made that taxes on any of the amounts referenced in paragraph 1 are due, Hutchinson agrees that she shall be

exclusively liable for the payment of any and all personal federal, state, local, FICA or other taxes and agrees she will pay such taxes at such time and in such amount required of her and, further, agrees to indemnify and hold harmless Defendant for any liability incurred by Defendant because of Hutchinson's failure to pay such taxes, assessments or reimbursements.  Hutchinson further acknowledges that Defendant has not provided any legal or tax advice to Hutchinson.  Hutchinson expressly represents, covenants and warrants that she has sought out her own legal and tax advice with respect to any tax obligations arising as a consequence of this settlement.

   3. <u>Other Agreements.</u>  Hutchinson agrees that any previous agreement(s) entered into with Defendant, including those regarding confidentiality, non-competition, and non-solicitation, remain in full force and effect and is not voided or rescinded or superseded or modified by this Agreement.  Hutchinson agrees that any breach of any term of that Agreement previously entered into during Hutchinson's employment shall result in forfeiture of any and all remaining benefits under this Agreement in addition to any other relief Defendant may seek under this or those agreements or at law or equity.

   4. <u>Release of Claims by Hutchinson.</u>  By execution of this Agreement, Hutchinson does hereby for herself, her heirs, executors, administrators, successors and assigns, release, acquit and forever discharge Defendant, Defendant's current and former members, employees, trustees, directors, officers, attorneys, representatives, insurers, successors, assigns, affiliates, and related entities ("Released Parties") from any and all claims made, to be made or which might have been made of any nature or kind from the beginning of time, including, but not limited to, any claim arising as a consequence of Hutchinson's employment by Defendant, or arising out of the ending of the employment relationship, or arising out of any acts committed or omitted before, during, or after the employment relationship with Defendant, up through and including the date of this Agreement.  Such release and waiver of claims will include, but shall not be limited to those claims which were or could have been the subject of an administrative or judicial proceeding filed either by Hutchinson or on her behalf under any federal, state or local law, regulation, or ordinance including, but not limited to, any claims under Titles 29 and 42 of the United States Code, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Fair Labor Standards Act (FLSA), the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, the Employee Retirement Income Security Act of 1974 (ERISA), the Age Discrimination in Employment Act ("ADEA"), the Occupational Safety and Health Act, as amended, the Older Worker Benefit Protection Act, as well as, but not limited to, any claim, right or cause of action under the statutes and laws of the State of Missouri, including but not limited to any claims under the Constitution for the State of Missouri, the Missouri Minimum Wage Law ("MMWL"), the Missouri Human Rights Act, for retaliation as prohibited under Missouri statute or common law, as well as any claim under any other federal, state, or local law, ordinance or regulation regarding employment, discrimination in employment or termination of employment, any claims or actions at common law or equity, in contract or tort, including any claim of wrongful or retaliatory discharge, breach of public policy, breach of contract, detrimental reliance, promissory estoppel, unjust enrichment, quantum meruit, intentional or negligent infliction of emotional distress, fraud, misrepresentation or interference with business relationship, all claims for back pay, front pay, lost wages, earnings, liquidated damages, employee benefits, seniority, reinstatement, service letter, attorney's fees, costs, damages whether actual, liquidated, compensatory or punitive, and any other claims for legal or equitable

relief.  Hutchinson covenants not to file any claims or suits against the Released Parties with respect to any claim released pursuant to this Agreement.  Nothing within this document is intended to request or require Hutchinson to waive any non-waivable rights she may possess under the law.  It is understood by the Parties that this Agreement does not prohibit any claims or causes of action which arise after the effective date of this Agreement.

Nothing in the preceding paragraph or any other portion of this Agreement prevents Hutchinson from filing a Charge or Complaint with the U.S. Department of Labor (DOL), the Equal Employment Opportunity Commission (EEOC), or the National Labor Relations Board (NLRB).  Furthermore, nothing in this Agreement prevents Hutchinson from cooperating in any manner in any investigation or proceeding conducted by the DOL, the EEOC, the NLRB, or a comparable state or local agency.  Additionally, nothing in this Agreement serves as a limitation on Hutchinson's ability to exercise rights protected by Section 7 of the National Labor Relations Act.

Other than as required by law or under power of subpoena, Hutchinson agrees not to assist, provide information acquired up to the date of this Agreement, aid, or in any way cooperate with anyone seeking to pursue claims against or otherwise litigate or initiate or file any claims or actions against any Releasee other than claims advanced under the auspices of DOL, the EEOC, or the NLRB investigation, hearing or proceeding. Hutchinson agrees that she will not provide any third party with any information, statements, or anything else acquired up until the date of this Agreement which would be considered assistance to them in their efforts to pursue claims against any Releasee, whether in tort or in contract or pursuant to any other applicable theory of law or equity, other than claims advanced in a DOL, EEOC or NLRB investigation, hearing or proceeding.

Hutchinson also agrees that she has not suffered any on-the-job injury during her employment with Defendant for which she has not already filed a claim as of the date of the execution of this document.  Hutchinson further agrees that as a result of this settlement, Hutchinson has been fully compensated for all time worked and is not entitled to any additional compensation for any time worked.

5.   <u>Proceedings On Hutchinson's Behalf</u>.  Hutchinson waives any right to file or have filed on her behalf, any lawsuits against the Released Parties of whatever nature, based either directly or indirectly, in whole or in part upon any actions or events which occurred or did not occur during her employment with Defendant or upon any other actions or events which occurred or did not occur through the effective date of this Agreement. If any court or administrative agency rules such waiver is ineffective, Hutchinson hereby expressly declines any relief obtained as a result of any such action, including any right for damages or compensation. Hutchinson further will indemnify Defendant for any costs, damages or attorneys' fees should she challenge the validity of this Settlement Agreement in the future by making a claim that the waiver of claims under the FLSA or MMWL is invalid.

6.   <u>Waiver of Right to Rehire</u>.  Hutchinson hereby further waives any right to reinstatement or future employment with Defendant and acknowledges and understands that if she were to apply for a position of employment with Defendant, she will have no cause of action against Defendant if she is rejected for the position for which she applied.

3

7. <u>Dismissal With Prejudice of the Lawsuit</u>. Hutchinson agrees to dismiss with prejudice the Lawsuit pending in the U.S. District Court for the Eastern District of Missouri as set forth below. The Parties have been represented by counsel during the negotiation of the terms of this Agreement. The Parties acknowledge and agree that the overtime wages at issue herein are the subject of a *bona fide* dispute between them. The Parties agree that the terms of this Agreement are fair. Hutchinson acknowledges that she has received just and sufficient consideration for the Release of claims set forth herein. Hutchinson further agrees that as a result of this settlement, Hutchinson has been fully compensated for all time worked and is not entitled to any additional compensation for any time worked. The Parties hereby agree to request Court approval of this Agreement and to submit whatever information the Court deems necessary to approve the same. The Parties further agree to submit this Agreement to the Court for consideration under seal in order to maintain the confidentiality agreed to in Paragraph 8.

Following approval by the Court, Hutchinson authorizes her attorney to execute and file with the U.S. District Court for the Eastern District of Missouri a Stipulation for Voluntary Dismissal With Prejudice within ten (10) days of receipt of the Payment referenced above in Paragraph 1. Each party to bear their own attorneys' fees and costs, except as otherwise agreed upon in paragraph 1 of the Agreement.

8. <u>Non-Disparagement</u>. Hutchinson agrees that she shall not speak disparagingly or negatively regarding any Releasee or any events which transpired or failed to transpire during the employment relationship with Defendant. In the event Hutchinson breaches this obligation of non-disparagement, Defendant or a Releasee shall be entitled to seek injunctive relief and damages and any and all other remedies available at law or in equity against Hutchinson upon such breach and the right to recover from Hutchinson its costs and attorneys' fees in advancing such claims.

9. <u>No Inference of Liability From Offer or Agreement</u>. Neither the offer of this Agreement nor this Agreement itself shall constitute or be construed as an admission by Defendant of any liability or wrongdoing or any violation of federal, state or local laws, regulations, ordinances, executive orders or common law, and, to the contrary, any such interpretation or inference is specifically denied.

10. <u>Attorneys' Fees and Costs</u>. Each Party will bear her or its own attorneys' fees and costs, except as set forth in paragraph 1 of this Agreement.

11. <u>Choice of Law and Forum Selection</u>. This Settlement Agreement and Release shall be governed by and construed according to the laws of the State of Missouri and the Parties agree that any action to enforce this Agreement or suit to recover for any breach as provided herein shall be commenced solely and exclusively in the Circuit Court of St. Louis City Missouri or, as appropriate, in the United States District Court for the Eastern District of Missouri; and the Parties consent to personal and subject matter jurisdiction and venue in such courts and waive the right to change venue.

12. <u>Conflict</u>. Nothing contained in this Agreement shall be construed to require the commission of any act contrary to law or to be contrary to law, and wherever there is any conflict between any provision of this Agreement and any present or future statute, law,

4

governmental regulation or ordinance contrary to which the parties have no legal right to contract, the latter shall prevail, but in such event, the provisions of this Agreement affected shall be curtailed and restricted only to the extent necessary to bring them within legal requirements.

       13. <u>Binding Authority and Benefit</u>.  This Agreement and its promises, covenants, rights and obligations, shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns.

       14. <u>Severability</u>.  The covenants of this Agreement are severable and if any clause(s) shall be found unenforceable, the entire document shall not fail but shall be construed and enforced without any severed clause(s) in accordance with the terms of this document.

       15. <u>Headings</u>.  The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any portion of this Agreement.

       16. <u>Consideration Acknowledged</u>.  The Parties hereby acknowledge that the covenants in this Agreement provide good and sufficient consideration for every promise, duty, release, obligation and right contained in this Agreement.

       17. <u>Complete Agreement</u>.  This Agreement constitutes the entire agreement between the Parties on the subject matters hereof and supersedes and replaces any and all other understandings, obligations, representations and agreements, whether written or oral, express or implied, between or by the Parties.  Any amendment, modification, or additions to this Agreement must be reduced to writing and duly executed by all of the Parties to be effective.

       18. <u>Parties' Understanding</u>.  The parties state that they have read and fully understand this Agreement which consists of nineteen (18) numbered paragraphs and five (5) pages (excluding the signature page) and state that they are executing this Agreement of their own free will and voluntary act without threat, duress or coercion and that no promises inconsistent with this Agreement have been made to them.

<SIGNATURE PAGE FOLLOWS>

        Victoria Hutchinson:

        _____

        _____
        Date

Witnessed By: _____

Equilibrium Homes of St. Louis, LLC:

_____
Signature

_____
Position

_____
Date

6