UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA HUTCHINSON, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-cv-02127-JAR |
| EQUILIBRIUM HOMES OF ST. LOUIS, LLC, | )<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion for Approval of Settlement in this Fair Labor Standards Act ("FLSA") suit. (Doc. 20.)

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *Jones v. Synergies3 Tec Servs., LLC*, No. 4:18-CV-01161-JAR, 2018 WL 6727061, at *1 (E.D. Mo. Dec. 21, 2018) (quoting *Bench v. Cheyenne Logistics, LLC.*, No. 4:14-CV-01327-NCC, 2016 WL 2997591, at *1 (E.D. Mo. May 25, 2016)). However, "'because declining to review the settlement would leave the parties in an uncertain position,' requests to approve an FLSA settlement in the absence of a certified class have been granted, and the agreements are interpreted as private settlements." *Id.* (quoting *Bench*, 2016 WL 2997591, at *1). The Court will therefore review the settlement's terms for fairness.

To approve the settlement, the Court asks whether "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Bench*, 2016 WL

2997591, at *2 (citing *Fry v. Accent Mktg. Servs. L.L.C.*, No. 4:13-CV-00059-CDP, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014)). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King v. Raineri Const., LLC*, No. 4:14-CV-01828-CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015).

Plaintiff filed suit against Defendant seeking unpaid $974.03 in overtime pay. Defendant paid Plaintiff that amount pursuant to an agreement with the Department of Labor, meaning Plaintiff's only remaining claims are for an equal amount liquidated damages and attorney fees, both of which are authorized under the FLSA. 29 U.S.C. § 207. Defendant argues that Plaintiff is not entitled to either because its payment resolved her claim and that, in any event, she seeks compensation for non-compensable de minimus overtime and overtime worked without Defendant's knowledge. Nonetheless, Defendant agrees to pay Plaintiff an additional $974.03 and $2,500 to cover her attorney fees.

Upon review, the Court finds that this suit involves a bona fide dispute regarding whether Plaintiff has a viable claim for damages and fees. Further, the Court finds that the proposed settlement is fair and equitable to all parties insofar as it meets Plaintiff's demand and relieves Defendant of the risk of trial.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of Settlement (Doc. 20), is **GRANTED.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the claims of Plaintiff Victoria Hutchinson are **DISMISSED with prejudice**.

Dated this 23rd day of August, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE